## The People of the State of Illinois, Defendant in Error, v. John Romani, Plaintiff in Error.

### Gen. No. 5,917.    (Not to be reported in full.)

Error to the County Court of Bureau county; the Hon. George Bedford, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 9, 1915.

### Statement of the Case.

Information filed on behalf of the People of the State of Illinois against John Romani, for selling intoxicating liquors in less quantities than one gallon, and for maintaining a public nuisance, in violation of sections 2 and 7 of the Dramshop Act. (J. & A. ¶¶ 4601, 4607.) The defendant was convicted and appeals therefrom.

The information charged that the defendant maintained a public nuisance, and "on Lot number Sixteen in Block number One in Smith's Subdivision of part of the South half of Section Thirty-six, Township Sixteen North, Range Ten, East of the Fourth Principal Meridian, did keep a certain room, the said room then and there being a place of public resort."

The evidence was conflicting as to whether the beer sold by the defendant was intoxicating, or was "temperance" or "near-beer". At the trial the defendant was interrogated as to his marriage to a woman whom he held out as his wife, and whom he claimed was the keeper of the place where the alleged liquor was sold, and he testified that they were married at a certain time and that he obtained a marriage license in a designated county. In rebuttal the clerk of that county testified that the records thereof did not show that a marriage license was ever issued to the defendant. But on a motion for a new trial, which was overruled, the affidavit of such clerk was presented showing that

he was mistaken in his testimony, and that the records of his office did show the issuance of a marriage license for the defendant to wed such woman.

The court declined to instruct the jury, at the defendant's request, as to the necessity of sufficient proof that the beer sold by him was intoxicating, and not "root" or other beer of nonintoxicating character.

Hall & Lawson, for plaintiff in error; Walter A. Panneck, of counsel.

C. N. Hollerich, for defendant in error.

Mr. Justice Niehaus delivered the opinion of the court,

### Abstract of the Decision.

1. Intoxicating liquors, § 122*—*when place where liquor nuisance maintained sufficiently described in information.* The place where a public nuisance is maintained in violation of section 7 of the Dramshop Act (J. & A. ¶ 4607) is described with sufficient certainty in an information charging that the defendant, "on Lot number Sixteen in Block number One in Smith's Subdivision of part of the South half of Section Thirty-six, Township Sixteen North, Range Ten, East of the Fourth Principal Meridian, did keep a certain room, the said room then and there being a place of public resort."

2. Intoxicating liquors, § 226*—*when intoxicating character of beer sufficiently established.* A conviction for selling intoxicating liquors in less quantities than one gallon, in violation of section 2 of the Dramshop Act (J. & A. ¶ 4601), sustained, where the evidence was conflicting as to whether beer sold was intoxicating or merely "temperance" or "near-beer."

3. New trial, § 63*—*when granted for mistake of witness for opposite party.* A motion for a new trial should have been granted a person convicted of selling intoxicating liquors in less quantities than one gallon, in violation of section 2 of the Dramshop Act (J. & A. ¶ 4601), on the affidavit of a county clerk showing that he was mistaken in testifying,—in rebuttal to the testimony of the defendant as to the time and place of his marriage to the woman whom

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

he held out as his wife,—that the records of his office did not show the issuance of a license for their marriage.

4. INTOXICATING LIQUORS, § 159*—*when requested instruction as to intoxicating character of beer should have been given.* In a prosecution for the sale of intoxicating liquors in less quantities than one gallon, in violation of section 2 of the Dramshop Act (J. & A. ¶ 4601), an instruction requested by the defendant as to the necessity of sufficient proof that beer sold was intoxicating, and not root or other nonintoxicating beer, should have been given.